

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
DONNA M. WITTIG, ESQ.
Nevada Bar No.11015
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
donna.wittig@akerman.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE WMALT 2006-AR8 TRUST,

Plaintiff,

vs.

ANTELOPE CANYON HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1 LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,

Defendants.

Case No.: 2:15-cv-01423

**COMPLAINT**

Plaintiff U.S. Bank National Association, as Trustee for the Holders of the WMALT 2006-AR8 Trust (**U.S. Bank**) complains as follows:

**PARTIES AND JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. U.S. Bank is a citizen of Ohio and none of the defendants is a citizen of Ohio. The amount in controvery exceeds $75,000.00.

2. Defendant Antelope Canyon Homeowners Association (**HOA**) is a Nevada non-profit corporation. U.S. Bank is informed and believes and therefore alleges HOA is the purported beneficiary under an alleged homeowners' association lien dated October 20, 2010. U.S. Bank is informed and believes and therefore alleges HOA foreclosed on the lien on December 5, 2012.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3. Defendant SFR Investments Pool 1 LLC (**SFR**) is, on information and belief, a Nevada limited liability company whose members are citizens of Nevada. U.S. Bank is informed and believes and therefore alleges SFR acquired the property from HOA subsequent to HOA's purchase of the property at HOA's lien foreclosure.

4. Doe Individuals I through X, inclusive (**the Doe Defendants**), are individuals who may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. U.S. Bank may seek leave to amend this complaint to reflect the true names and identities of the Doe Defendants when known.

5. Roe Corporations I through X, inclusive (**the Roe Defendants**), are corporate entities that may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. U.S. Bank may seek leave of Court to amend this complaint to reflect the true names and identities of the Roe Defendants when known.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. The diversity of citizenship requirement is met. U.S. Bank is a national banking association. Its headquarters and primary office are in Cincinnati, Ohio. U.S. Bank is a citizen of Ohio for purposes of diversity jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that national banks are citizens of the states where their designated main office is located for purposes of citizenship under 28 U.S.C. § 1348). The diversity of citizenship requirement is met. *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014). Defendants, HOA and Jackel are on information and belief not citizens of Ohio. The amount in controversy requirement is met. U.S. Bank seeks a declaration that its deed of trust, which secures a loan with a principal balance of $207,200.00, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for SFR's claim to title to the real property sub judice.

7. Venue is proper in this court under 28 U.S.C. §1391. The property that is the subject of this action is located at 3761 Tohono Canyon St., Las Vegas, NV 89147 (**the property**). Venue is

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

proper in this court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

**GENERAL ALLEGATIONS**

8. Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

9. When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

10. Nevada Revised Statute Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowner's association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

11. Nevada Revised Statute 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

The Deed of Trust and Assignment

12. On or about May 1, 2006, Gail Bundy (**Borrower**) obtained a loan from Countrywide Home Loans, Inc. in the amount of $207,200.00, which was secured by a deed of trust (the **senior deed of trust**) recorded against the property on May 3, 2006. A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 200605030003534**.

13. The Borrower defaulted under the terms of the note and senior deed of trust by failing to make all payments due. The unpaid principal balance due on the loan exceeds $207,200.00. The

total amount due will continue to increase pursuant to the note and senior deed of trust.

14. Although MERS demanded the Borrower pay the amounts due under the loan, the Borrower has failed and refused to do so, and continues to fail and refuse to do so.

15. The senior deed of trust was assigned to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP (**BAC**) via a corporation assignment of deed of trust. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 201005200002852**.

16. The senior deed of trust was subsequently assigned to U.S. Bank by assignment of deed of trust. A true and correct copy of the assignment is recoded with the Clark County Recorder as **Instrument No. 201301140001731.**

17. U.S. Bank intends to foreclose under the senior deed of trust to recover some or all of the amounts owed as a result of the Borrower's failure to repay the loan. However, the HOA's foreclosure and purported deed to SFR has placed a cloud on U.S. Bank's deed of trust.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

The HOA Lien and Foreclosure

18. Upon information and belief, the Borrower failed to pay HOA all amounts due to it. On October 20, 2010 HOA, through its agent, Alessi & Koenig, LLC (**A&K**) recorded a notice of delinquent assessment lien. Per the notice, the amount due to the HOA was $1,275.00, which included collection and/or attorney fees, assessments, interest, late fees and service charges (of which $50.00 represented collection costs). A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 201010200001957**.

19. On January 31, 2011, HOA through its agent A&K, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice states the amount due to the HOA was $2,505.00, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 201101310002291**. The notice of default also does not specify the super-priority amount claimed by the HOA and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

20. On August 2, 2012, HOA, through its agent A&K, recorded a notice of trustee's sale. The trustee's sale was scheduled for September 5, 2012. The notice states the amount due to the HOA was $5,895.00, which includes the unpaid balance of the obligation secured by the property and reasonable estimated costs, expenses and advances. A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201008020001430**. The notice of sale does not identify the super-priority amount claimed by the HOA and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

21. In none of the recorded documents nor in any notice did HOA and/or its agent provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount or the consequences for failure to do so.

22. In none of the recorded documents did HOA and/or its agent identify the amount of the alleged lien that was for late fees, interest, or fines/violations.

23. In none of the recorded documents nor in any notice did HOA and/or its agent specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

24. In none of the recorded documents nor in any notice did HOA and/or its agent specify the senior deed of trust would be extinguished by the HOA foreclosure.

25. In none of the recorded documents nor in any notice did HOA and/or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of HOA's claimed lien.

26. The deficiencies in the notices notwithstanding, on or about April 22, 2011, BAC remitted payment to HOA to satisfy the super-priority amount owed to the HOA.

27. In April 2011, in response to a demand by BAC and its counsel for a payoff ledger so that BAC could satisfy the super-priority portion of the HOA's lien, HOA, through its trustee A&K, provided a payoff ledger identifying the total amount claimed by the HOA but which did not identify the super-priority amount. Accordingly, BAC and its counsel calculated the super-priority amount

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

claimed by the HOA by reference to the monthly assessments identified in the March 29, 2011 ledger provided by the trustee for the HOA.

28. Based on the monthly assessment amount identified in HOA's March 29, 2011 ledger, BAC accurately calculated the true super-priority amount as $1,440.00, the sum of nine-months of common assessments as identified in HOA's ledger, and tendered that amount to HOA on April 22, 2011. A true and correct copy of the HOA's ledger and tender letter are attached as **Exhibit A.** The HOA refused BAC's tender.

29. Despite the tender, HOA foreclosed on the property on or about December 5, 2012. A foreclosure deed in favor of HOA was recorded on February 14, 2013. A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as **Instrument No. 201302140003179.**

30. According to the language of the foreclosure deed, the HOA purchased the property at the HOA foreclosure sale for $8,680.00, which amount is 4% of the value of the unpaid principal balance on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

31. On March 13, 2013, HOA recorded a quitclaim deed transferring its interest in the property to SFR. A true and correct copy of the quit claim deed is recorded with the Clark County Recorder as **Instrument No. 201303130005057.**

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**FIRST CAUSE OF ACTION**

**(Declaratory Relief / Quiet Title)**

32. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

33. Pursuant to 28 U.S.C. § 2201, this court is empowered to declare the rights of parties and other legal relations of parties regarding the property at issue.

34. As a result of the HOA foreclosure sale, there is an actual controversy regarding the property and continuing validity of the senior deed of trust, which was recorded more than four years prior to HOA's lien. The senior deed of trust is a first secured interest on the property. As a result of HOA's foreclosure sale, SFR claims an interest in the property, and on information and belief, SFR asserts it owns the property free and clear of the senior deed of trust.

35. U.S. Bank's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

*NRS Chapter 116 Violates U.S. Bank's Right to Procedural Due Process*

36. U.S. Bank asserts that Chapter 116 of the Nevada Revised Statutes' scheme of HOA super priority non-judicial foreclosure violates U.S. Bank's procedural due process rights under the state and federal constitutions.

37. The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protect U.S. Bank from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

38. U.S. Bank asserts that there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

39. The state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for U.S. Bank's deed of trust apply, to wit:

a) The super priority lien did not exist at common law, but rather is imposed by legislative fiat.

b) Nevada's legislature made super priority mandatory and it could not be altered by private contract.

c) The super priority lien has no nexus whatsoever to a private agreement between the HOA and U.S. Bank, but, again, is imposed by legislative enactment.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

40. Since the State of Nevada is responsible for the creation of the super priority lien and has made it mandatory, then the state of Nevada's HOA super priority can fairly be said to be the result of state action subject to procedural due process safeguards.

41. On its face, Nevada's scheme of non-judicial HOA super priority foreclosure lacks any pre or post deprivation methods of providing a holder of a senior deed of trust with notice and an opportunity to be heard:

a) NRS 116.31162 and NRS 116.311635 do not require that an HOA provide a holder of a senior deed of trust with written notice of the sum that constitutes the super priority portion of the assessment lien.

b) Chapter 116 of NRS seeks to compel U.S. Bank to pay the entirety of the HOA's lien, but does not provide the HOA with any procedure for reimbursement to a holder of a senior deed of trust.

c) Chapter 116 of NRS seeks to insulate its scheme of super priority non-judicial foreclosure by providing a purchaser at an HOA foreclosure sale with title that is not subject to equity or right of redemption.

d) Chapter 116 of NRS fails to provide a holder of a senior deed of trust with a statutorily enforceable mechanism to compel an HOA to inform a holder of a senior deed of trust of the sum of the HOA super priority amount.

e) Chapter 116 of NRS fails to provide a holder of a senior deed of trust with a private right of action before the foreclosure to contest the HOA's failure to provide it with constitutionally mandated notice of the super priority sum and a right to challenge the HOA's calculation of that sum.

f) Chapter 116 of NRS fails to provide a holder of a senior deed of trust with a private right of action after the foreclosure to contest the HOA's failure to provide it with constitutionally mandated notice of the super priority sum.

42. As applied, the HOA non-judicial foreclosure violated state and federal procedural due process protections for U.S. Bank's deed of trust since U.S. Bank was not provided with any

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

notice its physical delivery of a check for 9 months of assessments did not redeem the deed of trust's priority prior to the HOA foreclosure.

43. U.S. Bank requests that this Court set aside the HOA foreclosure sale because NRS 116's scheme of HOA super priority foreclosure violates the procedural process clauses of The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust

44. The HOA sale did not extinguish the senior deed of trust for additional reasons stated below.

45. The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component;

46. The foreclosure sale did not extinguish the senior deed of trust because BAC tendered the super-priority amount and the HOA wrongfully refused to accept that amount.

47. The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable in several respects, including, without limitation, the lack of sufficient notice, the HOA's failure to accept the tender, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper perspective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for the HOA at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place.

48. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate U.S. Bank's rights to due process, as a result of HOA's failure to provide

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

sufficient notice of the super-priority component of HOA's lien, the manner and method to satisfy it, and the consequences for failing to do so.

49. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate U.S. Bank's rights to due process, as a result of HOA's improper calculation of the super-priority component, its inclusion of charges that are not part of the super-priority lien under Nevada law, and its rejection of BAC's tender of the super-priority component of the lien.

50. The foreclosure sale did not extinguish the senior deed of trust because SFR does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, BAC's satisfaction of the super-priority component of HOA's lien, and the commercial unreasonableness of the HOA sale.

## SECOND CAUSE OF ACTION

### (Breach of NRS 116.1113 against HOA)

51. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

52. NRS § 116.1113 provides that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

53. HOA's recorded CC&Rs contain a mortgagee protection clause which represents that any violation of the CC&R's, including the failure by borrower to pay the assessments, would not jeopardize the rights of the beneficiary of a senior deed of trust.

54. NRS Chapter 116 requires HOA to comply with the obligations of the CC&Rs, including the mortgagee protection clause.

55. In making the representation in the CC&Rs that the rights of the beneficiary of the senior deed of trust would be protected, HOA undertook a duty to inform lenders and loan servicers like BAC and U.S. Bank that its representation regarding mortgagee protection in the CC&Rs was

false, and to give lenders and loan servicers a reasonable opportunity to protect their interests in the property.

56. In making the representation in the CC&Rs that the rights of the beneficiary of the senior deed of trust would be protected, HOA undertook a duty to identify the super-priority amount to lenders and loan servicers like BAC and U.S. Bank, to inform them that their security interest was at risk, and to provide an opportunity to satisfy the super-priority amount to protect their security interest in the property.

57. HOA breached its duty of good faith by not complying with the obligations in the CC&Rs that the rights of the beneficiary of the senior deed of trust would be protected, by not informing U.S. Bank and BAC that its representation regarding mortgagee protection in the CC&Rs was false, by not identifying the super-priority amount of its lien for BAC or U.S. Bank, by not notifying BAC or U.S. Bank that its security interest was at risk, by rejecting BAC's attempt to tender the super-priority amount, and by obstructing BAC and U.S. Bank's ability to protect their security interest in the property.

58. If it is determined HOA's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, HOA's breach of its obligation of good faith will U.S. Bank to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

59. U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**(Wrongful Foreclosure Against HOA)**

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

60. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

61. To the extent defendants contend or the court concludes the HOA sale extinguished the senior deed of trust, the foreclosure was invalid and wrongful.

62. Because HOA failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

63. Because BAC satisfied the super-priority portion of HOA's lien prior to the foreclosure sale there was no default in the super-priority component of HOA's lien at the time of the foreclosure sale and the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

64. Because HOA sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

65. Because HOA violated the representation in the CC&Rs that the rights of the beneficiary of the senior deed of trust would be protected, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

66. Because HOA violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

67. If it is determined HOA's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, HOA's actions will cause U.S. Bank to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

68. U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**FOURTH CAUSE OF ACTION**

**(Injunctive Relief Against SFR)**

69. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

70. U.S. Bank disputes SFR's claim it owns the property free and clear of the senior deed of trust.

71. Any sale or transfer of the property by SFR, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

72. U.S. Bank has a substantial likelihood of success on the merits of the complaint, for which compensatory damages would not compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

73. U.S. Bank has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

74. U.S. Bank is entitled to a preliminary injunction prohibiting SFR or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

75. U.S. Bank is entitled to a preliminary injunction requiring SFR to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

**PRAYER FOR RELIEF**

U.S. Bank requests the Court grant the following relief:

1. To determine that the SFR purchased the property subject to U.S. Bank's senior deed of trust;

2. An order declaring that SFR purchased the property subject to U.S. Bank's senior deed of trust; and (b) alternatively, U.S. Bank asks the Court to declare that the HOA foreclosure sale was commercially unreasonable, in violation of NRS §116.1113, and void ab initio because a

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

sale of the property for $8,680.00 free and clear of U.S. Bank's senior deed of trust shocks the conscience such that SFR is not a bona fide purchaser for value; and the HOA's foreclosure sale is void pursuant to the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution;

3. In the alternative, an order requiring HOA to pay U.S. Bank all amounts by which it was damaged as a result of HOA's wrongful foreclosure and/or violation of the good faith provisions of NRS § 116.1113;

4. A preliminary injunction prohibiting SFR, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

5. A preliminary injunction requiring SFR to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

6. Reasonable attorneys' fees as special damages and the costs of suit; and

7. For such other and further relief the Court deems proper.

DATED July 27, 2015.

**AKERMAN LLP**

/s/ Ariel E. Stern

Ariel E. Stern, Esq.
Nevada Bar No. 8276
Donna M. Wittig, Esq.
Nevada Bar No. 11015
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Plaintiff*

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

# EXHIBIT A

DOUGLAS E. MILES *
Also Admitted in California and Illinois
RICHARD J. BAUER, JR.*
JEREMY T. BERGSTROM
Also Admitted in Arizona
FRED TIMOTHY WINTERS*
KEENAN E. McCLENAHAN*
MARK T. DOMEYER*
Also Admitted in District of Columbia & Virginia
TAMI S. CROSBY*
L. BRYANT JAQUEZ *
DANIEL L. CARTER *
GINA M. CORENA
WAYNE A. RASH *
ROCK K. JUNG
VY T. PHAM *
KRISTA J. NIELSON
HADI R. SEYED-ALI *
JORY C. GARABEDIAN
THOMAS M. MORLAN
Admitted in California
BRIAN H. TRAN *
ANNA A. GHAJAR *
CORI B. JONES *
STEVEN E. STERN
Admitted in Arizona & Illinois
ANDREW H. PASTWICK
Also Admitted in Arizona and California
CATHERINE K. MASON *
CHRISTINE A. CHUNG *
HANH T. NGUYEN *

MILES, BAUER, BERGSTROM & WINTERS, LLP
ATTORNEYS AT LAW SINCE 1985

2200 Paseo Verde Parkway, Suite 250
Henderson, NV 89052
Phone: (702) 369-5960
Fax: (702) 369-4955

* CALIFORNIA OFFICE
1231 E. DYER ROAD
SUITE 100
SANTA ANA, CA 92705
PHONE (714) 481-9100
FACSIMILE (714) 481-9141

April 22, 2011

ALESSI & KOENIG, LLC
9500 W. FLAMINGO ROAD, SUITE 100
LAS VEGAS, NV 89147

Re: *Property Address:* 3761 Tohono Canyon Street
HO #: 24030
LOAN #: 136372897
*MBBW File No.* 11-H0368

Dear Sir/Madame:

As you may recall, this firm represents the interests of BAC Home Loans Servicing, LP fka Countrywide Home Loans, Inc. (hereinafter "BAC") with regard to the issues set forth herein. We have received correspondence from your firm regarding our inquiry into the "Super Priority Demand Payoff" for the above referenced property. The Statement of Account provided by you in regards to the above-referenced address shows a full payoff amount of $3,765.00. BAC is the beneficiary/servicer of the first deed of trust loan secured by the property and wishes to satisfy its obligations to the HOA. Please bear in mind that:

NRS 116.3116 governs liens against units for assessments. Pursuant to NRS 116.3116:

> The association has a lien on a unit for:
> ...
> *any penalties, fees, charges, late charges, fines and interest charged pursuant to paragraphs (j) to (n), inclusive, of subsection 1 of NRS 116.3102 are enforceable as assessments under this section*

While the HOA may claim a lien under NRS 116.3102 Subsection (1), Paragraphs (j) through (n) of this Statute clearly provide that such a lien is JUNIOR to first deeds of trust to the extent the lien is for fees

and charges imposed for collection and/or attorney fees, collection costs, late fees, service charges and interest. See Subsection 2(b) of NRS 116.3116, which states in pertinent part:

> 2. A lien under this section is prior to all other liens and encumbrances on a unit except:
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent…
>
> **The lien is also prior to all security interests described in paragraph (b) <u>to the extent of the assessments for common expenses...which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien</u>.**

Based on Section 2(b), a portion of your HOA lien is arguably prior to BAC's first deed of trust, specifically the nine months of assessments for common expenses incurred before the date of your notice of delinquent assessment. As stated above, the payoff amount stated by you includes many fees that are junior to our client's first deed of trust pursuant to the aforementioned NRS 116.3102 Subsection (1), Paragraphs (j) through (n).

Our client has authorized us to make payment to you in the amount of $1,440.00 to satisfy its obligations to the HOA as a holder of the first deed of trust against the property. Thus, enclosed you will find a cashier's check made out to Alessi & Koenig, LLC in the sum of $1,440.00, which represents the maximum 9 months worth of delinquent assessments recoverable by an HOA. This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that BAC's financial obligations towards the HOA in regards to the real property located at 3761 Tohono Canyon Street have now been "paid in full".

Thank you for your prompt attention to this matter. If you have any questions or concerns, I may be reached by phone directly at (702) 942-0412.

Sincerely,

*MILES, BAUER, BERGSTROM & WINTERS, LLP*

Rock K. Jung, Esq.

Miles, Bauer, Bergstrom & Winters, LLP Trust Acct 11-H0368 Initials: SRN

Payee: Alessi & Koenig, LLC Check #: 9199 Date: 4/20/2011 Amount: 1,440.00

| Inv. Date | Reference # | Description | Inv. Amount | Case # | Matter Description | Cost Amount |
|---|---|---|---|---|---|---|
| 4/20/2011 | 24030 | To Cure HOA Deficiency | 1,440.00 | | | |

Miles, Bauer, Bergstrom & Winters, LLP
Trust Account
1231 E. Dyer Road, #100
Santa Ana, CA 92705
Phone: (714) 481-9100

Bank of America
1100 N. Green Valley Parkway
Henderson, NV 89074
16-66/1220
1020
11-H0368
Loan # 136372897

9199

Date: 4/20/2011

Amount $**** 1,440.00

Check Void After 90 Days

Pay $*****One Thousand, Four Hundred Forty & No/100 Dollars
to the order of

Alessi & Koenig, LLC

Security features. Details on back.

⑈9199⑈ ⑆122400724⑆ 501006876973⑈

DAVID ALESSI*

THOMAS BAYARD *

ROBERT KOENIG**

RYAN KERBOW***

* Admitted to the California Bar

** Admitted to the California, Nevada and Colorado Bars

*** Admitted to the Nevada and California Bar

*A Multi-Jurisdictional Law Firm*

9500 W. Flamingo Road, Suite 100
Las Vegas, Nevada 89147
Telephone: 702-222-4033
Facsimile: 702-222-4043
www.alessikoenig.com

ADDITIONAL OFFICES IN

AGOURA HILLS, CA
PHONE: 818- 735-9600

RENO NV
PHONE: 775-626-2323
&
DIAMOND BAR CA
PHONE: 909-861-8300

## *FACSIMILE COVER LETTER*

| To: | GAIL BUNDY | Re: | 3761 TOHONO CANYON ST/HO #24030 |
|---|---|---|---|
| From: | Gina Garcia | Date: | Tuesday, April 12, 2011 |
| Fax No.: | | Pages: | 1, including cover |
| | | HO #: | 24030 |

Dear GAIL:

This cover will serve as an amended demand on behalf of Antelope Canyon Homeowners Association for the above referenced escrow; property located at 3761 TOHONO CANYON ST, LAS VEGAS, NV. The total amount due through May, 12, 2011 is $3,765.00. The breakdown of fees, interest and costs is as follows:

| | |
|---|---|
| Notice of Delinquent Assessment Lien -- Nevada | $325.00 |
| Notice of Default | $395.00 |
| Pre NOD | $90.00 |
| P.U.D. 1 Demand | $75.00 |
| **Total** | $885.00 |

| | |
|---|---|
| **1. Attorney and/or Trustees fees:** | $885.00 |
| **2. Notary, Recording, Copies, Mailings, and PACER** | $200.00 |
| **3. Assessments Through May 12, 2011** | $1,925.00 |
| **4. RPIR-GI Report** | $85.00 |
| **5. Title Research (10-Day Mailings per NRS 116.31163)** | $275.00 |
| **6. Management Company Advanced Audit Fee** | $195.00 |
| **7. Management Document Processing & Transfer Fee** | $200.00 |
| **8. Publishing and Posting of Trustee Sale** | $0.00 |
| **10. Conduct Foreclosure Sale** | $0.00 |
| **11. Progress Payments:** | $0.00 |
| **Sub-Total:** | $3,765.00 |
| **Less Payments Received:** | $0.00 |
| **Total Amount Due:** | $3,765.00 |

Please be advised that Alessi & Koenig, LLC is a debt collector that is attempting to collect a debt and any information obtained will be used for that purpose.

DAVID ALESSI*

THOMAS BAYARD *

ROBERT KOENIG**

RYAN KERBOW***

* Admitted to the California Bar

** Admitted to the California, Nevada
and Colorado Bars

*** Admitted to the Nevada and California Bar



*A Multi-Jurisdictional Law Firm*

9500 W. Flamingo Road, Suite 100
Las Vegas, Nevada 89147
Telephone: 702-222-4033
Facsimile: 702-222-4043
www.alessikoenig.com

ADDITIONAL OFFICES IN

AGOURA HILLS, CA
PHONE: 818-735-9600

RENO NV
PHONE: 775-626-2323
&
DIAMOND BAR CA
PHONE: 909-861-8300

## *FACSIMILE COVER LETTER*

Please have a check in the amount of $3,765.00 made payable to the Alessi & Koenig, LLC and mailed to the below listed NEVADA address. Upon receipt of payment a release of lien will be drafted and recorded. Please contact our office with any questions.

Please be advised that Alessi & Koenig, LLC is a debt collector that is attempting to collect a debt and any information obtained will be used for that purpose.

**Account History Report**
**Antelope Canyon HOA**

**Gail S. Bundy** 00101-1658

Community Address: 3761 Tohono Canyon Street
Las Vegas, NV 89147-8067

Date Settled:
Unit Type: 01 - Unit Type A1

Mailing Address: 9772 Pima Point Avenue
Las Vegas, NV 89147

**Last payment date:** **Mon Jun 21, 2010**
**Last payment amount:** **1,880.00**
**Current balance:** **1,575.00**

| Trans Date | Transaction | Charges | Payments | Balance | Date Billed | Reference | Comments |
|---|---|---|---|---|---|---|---|
| 01/01/2004 | Assessment | 125.00 | | 125.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 01/01/2004 |
| 01/06/2004 | Lockbox Payment | | -125.00 | 0.00 | 09/08/2010 | 09933 | Lock Box: 01/06/2004 |
| 02/01/2004 | Assessment | 125.00 | | 125.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 02/01/2004 |
| 02/03/2004 | Lockbox Payment | | -125.00 | 0.00 | 09/08/2010 | 1049 | Lock Box: 02/03/2004 |
| 03/01/2004 | Assessment | 125.00 | | 125.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 03/01/2004 |
| 03/02/2004 | Lockbox Payment | | -125.00 | 0.00 | 09/08/2010 | 72827 | Lock Box: 03/02/2004 |
| 03/31/2004 | Lockbox Payment | | -125.00 | -125.00 | 09/08/2010 | 1057 | Lock Box: 03/31/2004 |
| 04/01/2004 | Assessment | 125.00 | | 0.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 04/01/2004 |
| 04/30/2004 | Lockbox Payment | | -125.00 | -125.00 | 09/08/2010 | 4008 | Lock Box: 04/30/2004 |
| 05/01/2004 | Assessment | 125.00 | | 0.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 05/01/2004 |
| 06/01/2004 | Assessment | 125.00 | | 125.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 06/01/2004 |
| 06/03/2004 | Lockbox Payment | | -125.00 | 0.00 | 09/08/2010 | 1074 | Lock Box: 06/03/2004 |
| 06/25/2004 | Lockbox Payment | | -125.00 | -125.00 | 09/08/2010 | 4008 | Lock Box: 06/25/2004 |
| 07/01/2004 | Assessment | 125.00 | | 0.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 07/01/2004 |
| 08/01/2004 | Assessment | 125.00 | | 125.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 08/01/2004 |
| 08/03/2004 | Lockbox Payment | | -125.00 | 0.00 | 09/08/2010 | 14941839 | Lock Box: 08/03/2004 |
| 08/31/2004 | Lockbox Payment | | -125.00 | -125.00 | 09/08/2010 | 1097 | Lock Box: 08/31/2004 |
| 09/01/2004 | Assessment | 125.00 | | 0.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 09/01/2004 |
| 10/01/2004 | Assessment | 125.00 | | 125.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 10/01/2004 |
| 10/01/2004 | Lockbox Payment | | -125.00 | 0.00 | 09/08/2010 | 1111 | Lock Box: 10/01/2004 |
| 10/21/2004 | Lockbox Payment | | -125.00 | -125.00 | 09/08/2010 | 16483893 | Lock Box: 10/21/2004 |
| 11/01/2004 | Assessment | 125.00 | | 0.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 11/01/2004 |
| 12/01/2004 | Assessment | 125.00 | | 125.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 12/01/2004 |
| 12/01/2004 | Lockbox Payment | | -125.00 | 0.00 | 09/08/2010 | 1140 | Lock Box: 12/01/2004 |
| 01/01/2005 | Assessment | 130.00 | | 130.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 01/01/2005 |
| 02/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 02/01/2005 |
| 02/02/2005 | Check | | -250.00 | 10.00 | 09/08/2010 | Ck #1154 | Payment. Thank You. |
| 03/01/2005 | Assessment | 130.00 | | 140.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 03/01/2005 |
| 04/01/2005 | Assessment | 130.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 04/01/2005 |
| 04/14/2005 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 5776161 | Lock Box: 04/14/2005 |
| 05/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 05/01/2005 |
| 05/13/2005 | Lockbox Payment | | -130.00 | 130.00 | 09/08/2010 | 90 | Lock Box: 05/13/2005 |
| 06/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 06/01/2005 |
| 06/15/2005 | Lockbox Payment | | -130.00 | 130.00 | 09/08/2010 | 1184 | Lock Box: 06/15/2005 |
| 07/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 07/01/2005 |
| 07/13/2005 | Lockbox Payment | | -130.00 | 130.00 | 09/08/2010 | 1194 | Lock Box: 07/13/2005 |
| 08/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 08/01/2005 |
| 08/11/2005 | Lockbox Payment | | -130.00 | 130.00 | 09/08/2010 | 1204 | Lock Box: 08/11/2005 |
| 09/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 09/01/2005 |
| 09/16/2005 | Lockbox Payment | | -130.00 | 130.00 | 09/08/2010 | 1217 | Lock Box: 09/16/2005 |
| 10/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 10/01/2005 |
| 10/12/2005 | Lockbox Payment | | -130.00 | 130.00 | 09/08/2010 | 1235 | Lock Box: 10/12/2005 |
| 11/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 11/01/2005 |
| 11/10/2005 | Lockbox Payment | | -130.00 | 130.00 | 09/08/2010 | 1250 | Lock Box: 11/10/2005 |
| 12/01/2005 | Assessment | 130.00 | | 260.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 12/01/2005 |
| 12/08/2005 | Gate Remote | 35.00 | | 295.00 | 09/08/2010 | Gate Remote | Gate Remote |
| 12/08/2005 | Check | | -35.00 | 260.00 | 09/08/2010 | 08-35727656-M/C | Gate Remote |

 User: idauer -- Tue Mar 29, 2011 09:33 am

**Account History Report**
**Antelope Canyon HOA**

**Gail S. Bundy** 00101-1658

| Trans Date | Transaction | Charges | Payments | Balance | Date Billed | Reference | Comments |
|---|---|---|---|---|---|---|---|
| 12/14/2005 | Lockbox Payment | | -130.00 | 130.00 | 09/08/2010 | 1268 | Lock Box: 12/14/2005 |
| 01/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 01/01/2006 |
| 01/03/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 1276 | Lock Box: 01/03/2006 |
| 02/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 02/01/2006 |
| 02/06/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 1299 | Lock Box: 02/06/2006 |
| 03/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 03/01/2006 |
| 03/06/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 1311 | Lock Box: 03/06/2006 |
| 04/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 04/01/2006 |
| 04/03/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 84662116 | Lock Box: 04/03/2006 |
| 05/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 05/01/2006 |
| 05/05/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 450521 | Lock Box: 05/05/2006 |
| 05/30/2006 | Lockbox Payment | | -135.00 | -5.00 | 09/08/2010 | 1352 | Lock Box: 05/30/2006 |
| 06/01/2006 | Assessment | 135.00 | | 130.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 06/01/2006 |
| 07/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 07/01/2006 |
| 07/03/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 1359 | Lock Box: 07/03/2006 |
| 08/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 08/01/2006 |
| 08/02/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 1364 | Lock Box: 08/02/2006 |
| 08/24/2006 | Lockbox Payment | | -135.00 | -5.00 | 09/08/2010 | 90 | Lock Box: 08/24/2006 |
| 09/01/2006 | Assessment | 135.00 | | 130.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 09/01/2006 |
| 10/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 10/01/2006 |
| 10/05/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 1386 | Lock Box: 10/05/2006 |
| 10/30/2006 | Lockbox Payment | | -135.00 | -5.00 | 09/08/2010 | 93636508 | Lock Box: 10/30/2006 |
| 11/01/2006 | Assessment | 135.00 | | 130.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 11/01/2006 |
| 12/01/2006 | Assessment | 135.00 | | 265.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 12/01/2006 |
| 12/06/2006 | Lockbox Payment | | -135.00 | 130.00 | 09/08/2010 | 1399 | Lock Box: 12/06/2006 |
| 01/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 01/01/2007 |
| 01/05/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1404 | Lock Box: 01/05/2007 |
| 02/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 02/01/2007 |
| 02/06/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 70927598 | Lock Box: 02/06/2007 |
| 03/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 03/01/2007 |
| 03/06/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1414 | Lock Box: 03/06/2007 |
| 04/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 04/01/2007 |
| 04/09/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1419 | Lock Box: 04/09/2007 |
| 05/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 05/01/2007 |
| 05/04/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1432 | Lock Box: 05/04/2007 |
| 06/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 06/01/2007 |
| 06/04/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1440 | Lock Box: 06/04/2007 |
| 07/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 07/01/2007 |
| 07/12/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1447 | Lock Box: 07/12/2007 |
| 08/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 08/01/2007 |
| 08/02/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1463 | Lock Box: 08/02/2007 |
| 09/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 09/01/2007 |
| 09/06/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1471 | Lock Box: 09/06/2007 |
| 10/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 10/01/2007 |
| 10/11/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1480 | Lock Box: 10/11/2007 |
| 11/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 11/01/2007 |
| 11/05/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 90 | Lock Box: 11/05/2007 |
| 12/01/2007 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 12/01/2007 |
| 12/10/2007 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 90 | Lock Box: 12/10/2007 |
| 01/01/2008 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 01/01/2008 |
| 01/09/2008 | Check | | -140.00 | 130.00 | 09/08/2010 | 08-813721043 | MO |
| 02/01/2008 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 02/01/2008 |
| 02/11/2008 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 28265462 | Lock Box: 02/11/2008 |
| 03/01/2008 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 03/01/2008 |

User: idauer – Tue Mar 29, 2011 09:33 am

**Account History Report**
**Antelope Canyon HOA**
**Gail S. Bundy** 00101-1658

| Trans Date | Transaction | Charges | Payments | Balance | Date Billed | Reference | Comments |
|---|---|---|---|---|---|---|---|
| 03/10/2008 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 71898198 | Lock Box: 03/10/2008 |
| 04/01/2008 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 04/01/2008 |
| 04/24/2008 | Lockbox Payment | | -140.00 | 130.00 | 09/08/2010 | 1514 | Lock Box: 04/24/2008 |
| 05/01/2008 | Assessment | 140.00 | | 270.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 05/01/2008 |
| 06/01/2008 | Assessment | 140.00 | | 410.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 06/01/2008 |
| 07/01/2008 | Assessment | 140.00 | | 550.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 07/01/2008 |
| 07/02/2008 | Intent to File Lien | 25.00 | | 575.00 | 09/08/2010 | Pre Lien Fees | |
| 08/01/2008 | Assessment | 140.00 | | 715.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 08/01/2008 |
| 09/01/2008 | Assessment | 140.00 | | 855.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 09/01/2008 |
| 10/01/2008 | Assessment | 140.00 | | 995.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 10/01/2008 |
| 11/01/2008 | Assessment | 140.00 | | 1,135.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 11/01/2008 |
| 12/01/2008 | Assessment | 140.00 | | 1,275.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 12/01/2008 |
| 01/01/2009 | Assessment | 150.00 | | 1,425.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 01/01/2009 |
| 02/01/2009 | Assessment | 150.00 | | 1,575.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 02/01/2009 |
| 03/01/2009 | Assessment | 150.00 | | 1,725.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 03/01/2009 |
| 03/16/2009 | Late Fee | 10.00 | | 1,735.00 | 09/08/2010 | Late Fee | Late Fee: 03/15/2009 |
| 04/01/2009 | Assessment | 150.00 | | 1,885.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 04/01/2009 |
| 04/16/2009 | Late Fee | 10.00 | | 1,895.00 | 09/08/2010 | Late Fee | Late Fee: 04/15/2009 |
| 05/01/2009 | Assessment | 150.00 | | 2,045.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 05/01/2009 |
| 05/18/2009 | Late Fee | 10.00 | | 2,055.00 | 09/08/2010 | Late Fee | Late Fee: 05/15/2009 |
| 06/01/2009 | Assessment | 150.00 | | 2,205.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 06/01/2009 |
| 06/15/2009 | Late Fee | 10.00 | | 2,215.00 | 09/08/2010 | Late Fee | Late Fee: 06/15/2009 |
| 07/01/2009 | Assessment | 150.00 | | 2,365.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 07/01/2009 |
| 07/10/2009 | Late Fee Credit | | -10.00 | 2,355.00 | 09/08/2010 | Late Fee Credit | 6/15/09 per board |
| 07/10/2009 | Late Fee Credit | | -10.00 | 2,345.00 | 09/08/2010 | Late Fee Credit | 5/18/09 per board |
| 07/16/2009 | Late Fee | 10.00 | | 2,355.00 | 09/08/2010 | Late Fee | Late Fee: 07/15/2009 |
| 08/01/2009 | Assessment | 150.00 | | 2,505.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 08/01/2009 |
| 08/25/2009 | Late Fee Credit | | -10.00 | 2,495.00 | 09/08/2010 | Late fee cr | 7/16/09 per BOD |
| 08/25/2009 | Late Fee | 10.00 | | 2,505.00 | 09/08/2010 | Late fee | Late fee 7/31/09 |
| 08/26/2009 | Check | | -2,375.00 | 130.00 | 09/08/2010 | 18350 | Alessi |
| 09/01/2009 | Assessment | 150.00 | | 280.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 09/01/2009 |
| 09/30/2009 | Late Fee | 10.00 | | 290.00 | 09/08/2010 | Late Fee | Late Fee: 09/30/2009 |
| 10/01/2009 | Assessment | 150.00 | | 440.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 10/01/2009 |
| 10/31/2009 | Late Fee | 10.00 | | 450.00 | 09/08/2010 | Late Fee | Late Fee: 10/30/2009 |
| 11/01/2009 | Assessment | 150.00 | | 600.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 11/01/2009 |
| 11/30/2009 | Late Fee | 10.00 | | 610.00 | 09/08/2010 | Late Fee | Late Fee: 11/30/2009 |
| 12/01/2009 | Assessment | 150.00 | | 760.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 12/01/2009 |
| 12/02/2009 | Notice of Delinquency Demai | 90.00 | | 850.00 | 09/08/2010 | Nodd (Pre-Lien) | Internal Account Review |
| 12/31/2009 | Late Fee | 10.00 | | 860.00 | 09/08/2010 | Late Fee | Late Fee: 12/30/2009 |
| 01/01/2010 | Assessment | 160.00 | | 1,020.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 01/01/2010 |
| 01/31/2010 | Late Fee | 10.00 | | 1,030.00 | 09/08/2010 | Late Fee | Late Fee: 01/30/2010 |
| 02/01/2010 | Assessment | 160.00 | | 1,190.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 02/01/2010 |
| 02/28/2010 | Late Fee | 10.00 | | 1,200.00 | 09/08/2010 | Late Fee | Late Fee: 02/28/2010 |
| 03/01/2010 | Assessment | 160.00 | | 1,360.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 03/01/2010 |
| 03/31/2010 | Late Fee | 10.00 | | 1,370.00 | 09/08/2010 | Late Fee | Late Fee: 03/30/2010 |
| 04/01/2010 | Assessment | 160.00 | | 1,530.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 04/01/2010 |
| 04/30/2010 | Late Fee | 10.00 | | 1,540.00 | 09/08/2010 | Late Fee | Late Fee: 04/30/2010 |
| 05/01/2010 | Assessment | 160.00 | | 1,700.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 05/01/2010 |
| 05/30/2010 | Late Fee | 10.00 | | 1,710.00 | 09/08/2010 | Late Fee | Late Fee: 05/30/2010 |
| 06/01/2010 | Assessment | 160.00 | | 1,870.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 06/01/2010 |
| 06/21/2010 | Check | | -1,880.00 | -10.00 | 09/08/2010 | 35063 | Alessi & Koenig |
| 07/01/2010 | Assessment | 160.00 | | 150.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 07/01/2010 |
| 08/01/2010 | Assessment | 160.00 | | 310.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 08/01/2010 |
| 08/30/2010 | Late Fee | 10.00 | | 320.00 | 09/08/2010 | Late Fee | Late Fee: 08/30/2010 |

**Account History Report**
**Antelope Canyon HOA**

**Gail S. Bundy** 00101-1658

| Trans Date | Transaction | Charges | Payments | Balance | Date Billed | Reference | Comments |
|---|---|---|---|---|---|---|---|
| 08/30/2010 | Notice of Delinquency Demai | 75.00 | | 395.00 | 09/08/2010 | NODD | NODD |
| 09/01/2010 | Assessment | 160.00 | | 555.00 | 09/08/2010 | Monthly Charges | Recurring Charges: 09/01/2010 |
| 09/30/2010 | Late Fee | 10.00 | | 565.00 | | Late Fee | Late Fee: 09/30/2010 |
| 10/01/2010 | Assessment | 160.00 | | 725.00 | | Monthly Charges | Recurring Charges: 10/01/2010 |
| 10/30/2010 | Late Fee | 10.00 | | 735.00 | | Late Fee | Late Fee: 10/30/2010 |
| 11/01/2010 | Assessment | 160.00 | | 895.00 | | Monthly Charges | Recurring Charges: 11/01/2010 |
| 11/30/2010 | Late Fee | 10.00 | | 905.00 | | Late Fee | Late Fee: 11/30/2010 |
| 12/01/2010 | Assessment | 160.00 | | 1,065.00 | | Monthly Charges | Recurring Charges: 12/01/2010 |
| 12/30/2010 | Late Fee | 10.00 | | 1,075.00 | | Late Fee | Late Fee: 12/30/2010 |
| 01/01/2011 | Assessment | 160.00 | | 1,235.00 | | Monthly Charges | Recurring Charges: 01/01/2011 |
| 01/30/2011 | Late Fee | 10.00 | | 1,245.00 | | Late Fee | Late Fee: 01/30/2011 |
| 02/01/2011 | Assessment | 160.00 | | 1,405.00 | | Monthly Charges | Recurring Charges: 02/01/2011 |
| 02/28/2011 | Late Fee | 10.00 | | 1,415.00 | | Late Fee | Late Fee: 02/28/2011 |
| 03/01/2011 | Assessment | 160.00 | | 1,575.00 | | Monthly Charges | Recurring Charges: 03/01/2011 |