ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
BRETT M. COOMBS, ESQ.
Nevada bar No. 12570
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: brett.coombs@akerman.com

*Attorneys for U.S. Bank, N.A., as Trustee for the Holders of the WMALT 2006-AR Trust, Nationstar Mortgage LLC, and Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE WMALT 2006-AR8 TRUST,<br><br>Plaintiff,<br>vs.<br><br>ANTELOPE CANYON HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1 LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-01423-JCM-PAL<br><br>**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE WMALT 2006-AR8 TRUST, BANK OF AMERICA, N.A. AND NATIONSTAR MORTGAGE LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 39) |
| SFR INVESTMENTS POOL 1 LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE WMALT 2006-AR8 TRUST; BANK OF AMERICA, N.A., a national association; NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; WELLS FARGO, N.A.; and GAIL BUNDY, an individual,<br><br>Counter-Defendant/Cross-Defendants. | |

{39299388}                                          1

ANTELOPE CANYON HOMEOWNERS ASSOCIATION,

    Third-Party Plaintiff,

v.

ALESSI & KOENIG, LLC, A Nevada limited liability company,

    Third-Party Defendant.

Plaintiff and counter-defendant U.S. Bank National Association, as Trustee for the Holders of the WMALT 2006-AR8 Trust (**U.S. Bank**) and cross-defendants Bank of America, N.A. (**BANA**) and Nationstar Mortgage LLC (**Nationstar**) (U.S. Bank, BANA, and Nationstar are collectively referred to as the **Bank Parties**) respectfully move for leave to submit supplemental briefing to address the Ninth Circuit's August 12, 2016 opinion in *Bourne Valley v. Wells Fargo Bank, N.A.*, __ F.3d __, No. 15-15223, 2016 WL 4254983 (9th Cir. Aug. 12, 2016) and the Nevada Supreme Court's August 11, 2016 opinion in *Stone Hollow Avenue Trust v. Bank of America, N.A.*, Case No. 64955, Slip Op. (Nev. Aug. 11, 2016) (**Exhibit A**) under Local Rule 7-2(g). Good cause exists to grant the Bank Parties' motion for leave to file supplemental briefing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Ninth Circuit's *Bourne Valley* decision finds NRS chapter 116's "opt-in" notice scheme facially unconstitutional under the Fourteenth Amendment's due process clause. The August 12, 2016 ruling alters the landscape in this and hundreds of other quiet title actions arising from pre-October 1, 2015 assessment lien foreclosure sales.[1] This court should hold the HOA's sale, conducted under an unconstitutional statute, did not extinguish U.S. Bank's lien.

Just a day earlier, the Nevada Supreme Court issued a significant opinion of its own confirming that BANA's tender of the super-priority portion of Antelope Canyon Homeowners

---

[1] The Nevada legislature amended NRS chapter 116 effective October 1, 2015 to mandate homeowners' associations provide mortgagees with notice of default and sale even when notice has not been requested. S.B. 306 (Nev. 2015).

{39299388}      2

Association's (**Antelope Canyon**) lien preserved the priority of the senior deed of trust. In *Stone Hollow*, the court held an offer to pay the full "super priority" lien amount—nine months of unpaid assessments—extinguishes the "super-priority" lien, *even if the homeowners' association rejects the payment*. The Nevada Supreme Court's ruling in *Stone Hollow* also renders any argument about SFR being a bona fide purchaser irrelevant, because the tender preserved the senior deed of trust's priority as a matter of law.

The Bank Parties request leave to supplement their motion for summary judgment—in the manner set forth below—to address the Ninth Circuit and Nevada Supreme Court's new, critical opinions.

## II.  BACKGROUND FACTS AND PROCEDURAL HISTORY

U.S. Bank filed this lawsuit seeking a declaration its deed of trust was not extinguished after Antelope Canyon foreclosed its lien. *See generally* compl., ECF No. 1.  U.S. Bank's complaint asserts the sale violated its right to procedural due process under the Fourteenth Amendment. *Id.* ¶¶ 36-46.  The complaint requests the court set aside the HOA's sale because NRS chapter 116—as it existed before its recent amendments—is facially unconstitutional. *Id.*

SFR filed counterclaims against U.S. Bank alleging it acquired title to the property free and clear of the senior deed of trust after Antelope Canyon foreclosed.  SFR Invs. Pool 1, LLC's Ans., Countercl. & Cross-Claim, ECF No. 11 ¶ 75. SFR named BANA and Nationstar as cross-defendants. ECF No. 11.  BANA was the assignee and servicer of the senior deed of trust at the time Antelope Canyon purported to foreclose.[2]  Bank Parties' Mot. for Summ. J., ECF No. 39, at 3-5, Ex. 11.

The Bank Parties and SFR moved for summary judgment on March 14, 2016.  ECF No. 39; SFR's Mot. for Summ. J., ECF No. 40.  SFR responded to the Bank Parties' motion on April 7, 2015. SFR's resp. in opp'n to the Bank Parties' MSJ, ECF No. 45.  Antelope Canyon filed a limited joinder to SFR's response on April 18, 2016.[3]  Antelope Canyon's Limited Joinder, ECF No. 46.  The Bank

---

[2] BANA is the successor by merger to BAC Home Loans Servicing, LP.
[3] Antelope Canyon joint in sections III(E)(1) and III(G) of SFR's response to the Bank Parties motion.  ECF No. 46. These sections are entitled "The Bank's Tender' Argument Fails" and "The Sale was Commercially Reasonable." ECF No. 45, at 9, 13.

{39299388}                                              3

Parties responded to SFR's motion on April 22, 2016 and filed a reply in support of their motion for summary judgment on April 26, 2016. Opp'n to SFR's Mot. for Summ. J., ECF No. 47; Bank Parties' Reply in Supp. of Mot. for Summ. J., ECF No. 48. SFR filed a reply supporting their motion for summary judgment on May 9, 2016. SFR's Reply in Supp. of Mot. for Summ. J., ECF No. 49.

The Bank Parties moved for summary judgment on the grounds NRS chapter 116, as it existed at the time of the sale, is facially unconstitutional under the due process clause. ECF No. 39, at 18-23. The Ninth Circuit entered its opinion in *Bourne Valley* adopting the Bank Parties' position on August 12, 2016. *Bourne Valley*, 2016 WL 4254983, at *5. The Bank Parties also moved for summary judgment on the grounds BANA's tender of the super-priority amount redeemed the deed of trust's first priority position. ECF No. 39, at 16-18. The Nevada Supreme Court adopted this reasoning on August 11. *See Stone Hollow*, Case No. 64955, Slip Op. (Nev. Aug. 11, 2016).

**III.     Legal Standard**

Local Rule 7-2(g) prohibits supplemental filings without leave of court: "A party may not file supplemental pleadings, briefs, authorities or evidence without leave of court granted for good cause." Good cause exists to permit the Bank Parties' request for leave to file supplemental briefing, set forth below, because the cases referenced below are of major significance to the issues in this case and had not been decided when the briefing on the parties' respective motions for summary judgment were filed.

**IV.     NRS Chapter 116 is Unconstitutional Under Bourne Valley**

**A.     NRS chapter 116 does not mandate notice to deed of trust beneficiaries**

The due process clause requires, "at a minimum, [the] deprivation of life, liberty, or property by adjudication be preceded by notice and an opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). An "elementary and fundamental requirement" is "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Tulsa Prof'l Collection Services, Inc. v. Pope*, 458 U.S. 478, 484 (1988) (quoting *Mullane*, 339 U.S. at 314) (emphasis added)).

{39299388}                                                            4

NRS chapter 116 did not mandate notice to mortgagees prior to its recent amendments—as the Bank Parties argued in its prior briefing. ECF No. 39, at 19-21. The statutory scheme contained "request-notice" or "opt-in" notice provisions, requiring notice *only* if lienholders requested it in advance. *See e.g.,* NRS 116.31163(2) (requiring notice of default to "any holder of a security interest encumbering the unit owner's interest *who has notified the association*, 30 days before the recordation of the notice of default, of the security interest.") (emphasis added.); NRS 116.311635 (requiring notice of sale to "[t]he holder of a recorded security interest or the purchaser of the unit, *if either of them has notified the association*, before the mailing of the notice of sale, of the existence of the security interest, lease of contract of sale, as applicable.") (emphasis added.)

As the Ninth Circuit explained, NRS chapter 116 "required a homeowners' association to alert a mortgage lender it intended to foreclose only if the lender had affirmatively requested notice."[4] *Bourne Valley*, 2016 WL 4254983, at *1. The Ninth Circuit befittingly described chapter 116's "opt-in" notice scheme's practical effect:

> Despite that only the homeowners' association knew when and to what extent a homeowner had defaulted on her dues, the burden was on the mortgage lender to ask the homeowners' association to please keep it in the loop regarding the homeowners' association's foreclosure plans. How the mortgage lender, which likely had no relationship with the homeowners' association, should have known to ask is anybody's guess.

*Bourne Valley*, 2016 WL 4254983, at *3.

*Bourne Valley* holds—as an issue of first impression—NRS chapter 116's "peculiar scheme" is facially unconstitutional under the Fourteenth Amendment. *Id.* at *3. Plaintiff Bourne Valley Court Trust obtained a quitclaim deed to a reverted property following an HOA's foreclosure sale. *Id.* at *1-2. It then filed suit to quiet title against the senior mortgagee. *Id.* The district court granted summary judgment to Bourne Valley Court Trust, holding the HOA's sale extinguished the lender's interest under *SFR Invs. Id.* On appeal, the Ninth Circuit found NRS chapter 116's "opt-in"

---

[4] The Nevada Supreme Court also made clear NRS chapter 116 is an "opt-in" notice statute in *SFR Investments*: "Before [foreclosure], the HOA must give notice of sale to the owner and to the holder of a recorded security interest *if* the security interest holder 'has notified the association, before mailing of the notice of sale of the existence of the security interest.'" *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014) (emphasis added) (citing NRS 116.311635(1)(b)(2)).

{39299388}  5

1   notice scheme "not only strange [but] also unconstitutional" because it "required a homeowners'
2   association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively
3   requested notice." *Id.* at *3, *1.

4           In the absence of controlling authority analyzing the constitutionality of an "opt-in" notice
5   scheme, the Ninth Circuit turned to the Fifth Circuit, who evaluated a similar clause in the context of
6   Louisiana's foreclosure statute.[5] *Id.* at *4.  In *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883 (5th
7   Cir. 1989), the Fifth Circuit held the Louisiana statute—which mandated prior notice of seizure only
8   to those who requested it—did not pass constitutional muster because it impermissibly shifted the
9   "entire burden of ensuring adequate notice to an interested party regardless of the circumstances."
10   *Id.* at 884 (citing *Mennonite*, 462 U.S. at 797).

11           *Bourne Valley* analogized NRS chapter 116's "opt-in" notice provisions to those in the
12   unconstitutional Louisiana statute, finding NRS chapter 116 similarly impermissibly shifts the
13   burden of ensuring adequate notice to mortgage lenders without regard for (1) whether the mortgage
14   lender was aware that the homeowner had defaulted on her dues to the homeowners' association, (2)
15   whether the mortgage lender's interest had been recorded such that it would have been easily
16   discoverable through a title search, or (3) whether the homeowners' association had made any effort
17   whatsoever to contact the mortgage lender. *Id.* at *4.

18           *Bourne Valley* rejects the argument NRS 107.090—governing notice required for default
19   and sale under a deed of trust—cures NRS chapter 116's deficiencies.  *Id.*  Bourne Valley argued
20   NRS 107.090's notice requirements "should be read into" chapter 116 via NRS 116.31168(1), under
21   which "[t]he provisions of NRS 107.090 apply to the foreclosure of [a homeowners' association's
22   lien as if a deed of trust were being foreclosed." *Id.*  The Ninth Circuit disagreed, noting Bourne

---

[5] The Nevada Supreme Court did not decide the constitutionality of NRS chapter 116 in *SFR Investments*.  *See SFR Investments,* 334 P.3d at 418.  That mortgagee made an *as-applied,* rather than *facial* challenge to NRS chapter 116, arguing it received insufficient notice under the due process clause.  *See id.*  The Nevada Supreme Court did not reach the as-applied challenge because "at the pleadings stage, we credit the allegations of the complaint that [the HOA] provided all statutorily required notices as true and sufficient to withstand a motion to dismiss." *Id.* There was no consideration of the argument NRS is facially unconstitutional because it impermissibly requires mortgagees to opt-in to their due process rights.  *SFR Investments* has no precedential value in deciding the facial unconstitutionality issue presented here.

{39299388}    6

1  Valley's statutory interpretation renders chapter 116's notice provisions entirely superfluous. *Id.*
2  The court also noted the legislature would have had no reason to amend NRS chapter 116—as it did
3  last year—if the statute already required notice to mortgagees whose interests may be extinguished.
4  *Id.* at *4 n.4.

### B. *Bourne Valley* holds the state actor requirement is satisfied

*Bourne Valley* confirms the potential extinguishment of a deed of trust amounts to state action. *Id.* at *5. "State action" requires a constitutional deprivation by the exercise of a right or privilege created by the state or by a person from whom the state is responsible, by someone fairly characterized as a "state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations and citation omitted). Under *Bourne Valley*, the state action requirement is satisfied for two reasons.

*First,* the court explained a homeowners' association's foreclosure would not extinguish a lender's interest absent chapter 116's "peculiar" statutory scheme. *Bourne Valley*, at *3. The statute's enactment had the effect of rendering the first deed of trust holder's interest unsecured because "if a homeowners' association foreclosed on a lien for unpaid assessments, [the lender] would forfeit all of its rights in the property." *Id.* at *5.

*Second*, the court noted homeowners' associations and lenders do not have a preexisting relationship, contractual or otherwise—and thus a homeowners' association's ability to extinguish a lender's lien "arose directly and exclusively" from NRS chapter 116. *Id.* To this end, the court rejected Bourne Valley Court Trust's reliance on *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1978) and *Charmicor, Inc. v. Deaner*, 572 F.2d 694 (9th Cir. 1978)—two cases foreclosure buyers commonly cite. *Id.* The court found both distinguishable because the parties had a debtor-creditor relationship in those cases, unlike homeowners' associations and mortgagees who "may not even be aware of each other's existence." *Id.*

### C. Any alleged factual issue concerning actual notice is irrelevant

Whether the Bank Parties had actual notice of the "super-priority" lien amount is irrelevant. An unconstitutional law is void. *Journigan v. Duffy*, 552 F.2d 283, 289 (9th Cir. 1977).

{39299388}                                              7

Consequently, a successful facial challenge invalidates the statute itself. *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998); *Dehne v. Avanino*, 219 F. Supp. 2d 1096, 1102 (D. Nev. 2001). Actual notice does not change the analysis. *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 456 (1st Cir. 2009).[6] *Bourne Valley* itself recognized Wells Fargo's failure to "present evidence that it did not receive notice" did not affect its facial challenge. *See Bourne Valley*, No. 15-15233, at 7.[7] The statute is facially unconstitutional and therefore void as a matter of law.

### V. BANA'S TENDER DISCHARGED THE "SUPER-PRIORITY" LIEN UNDER *STONE HOLLOW* AND RENDERS SFR'S *BONA FIDE* PURCHASER ARGUMENT IRRELEVANT.

On August 11, 2016, the Nevada Supreme Court held an offer to pay the "super-priority" amount prior to the sale preserves the lender's deed of trust, *even if the homeowners association refuses to accept payment*. *Stone Hollow*, No. 64955, Slip. Op. at *1 (emphasis added) (Ex. A). This ruling closely follows the court confirming a "super-priority" lien, prior to the October 1, 2015 amendments, is nine months of common assessments—and not a penny more. *See Horizon at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 373 P.3d 66, 72 (Nev. 2016). *Ikon Holdings* specifically holds the "super-priority" lien granted by NRS 116.31162(2) "is limited to an amount equal to the common expense assessments due during the nine months before foreclosure." *Id.* The *Stone Hollow* decision likewise renders SFR's bona fide purchaser argument irrelevant.

*Stone Hollow* confirms an offer to pay the "super-priority" amount redeems the first deed of trust's priority even if the offer is rejected. Plaintiff Stone Hollow purchased the property at a homeowners' association's sale then filed suit against the mortgagee to quiet title in *Stone Hollow*. *See Stone Hollow Avenue Trust v. Bank of Am., N.A.*, No. 64955, 2016 WL 1109167, at *1 (Nev. Mar. 18, 2016) (unpublished disposition). The trial court entered summary judgment in favor of the mortgagee. *Id.* at *1. Stone Hollow appealed. *Id.* On appeal, the court (in March 2016) reversed,

---

[6] *See also Planned Parenthood v. Casey*, 505 U.S. 833, 894 (1992) (holding spousal abortion notification law unconstitutional notwithstanding some women would voluntarily notify their husbands).

[7] The Ninth Circuit has consistently rejected the argument an actor might voluntarily provide more process than the statute provides. *See Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 789 (9th Cir. 2014) (where statute failed to provide for individualized determination before setting bail, declining to consider whether officials might decide to provide such determination voluntarily and holding entire statute unconstitutional).

{39299388}    8

finding the trial court failed to consider Stone Hollow's *bona fide* purchaser status. *Id.,* at *1. The mortgagee moved for rehearing on the grounds tender discharges the super-priority lien legally, rendering equitable doctrines inapplicable. The three-judge panel agreed—reversing its prior ruling. *Stone Hollow Avenue Trust v. Bank of Am., N.A.*, No. 64955, Slip. Op. at 2 (Ex. A). The court found the homeowner's association's rejection of the proffer of the full super-priority lien amount "unjustified" and "[w]hen rejection of a tender is unjustified, the tender is effective to discharge the lien." *Id.* at 1.

Although unpublished, *Stone Hollow* is persuasive, especially considering all panel members were in the *SFR Investments* majority. *See id.* at 2; *SFR Invs.*, 334 P.3d at 419; *see also Fernando v. MortgageIT,* No. 2:11-CV-1352-JCM-GWF, 2012 WL 1586015, at *2 (D. Nev. 2012) (unpublished). *Stone Hollow* also accords with both *SFR Investments.* and the Nevada Real Estate Division (**NRED**)'s December 12, 2012 opinion. The *SFR Investments* court noted:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. *The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust*.

*SFR Invs.*, 334 P.3d at 411 (emphasis added). The court acknowledged a lender may preserve its interest by tending "the precise super priority amount" in advance of the sale. *Id.* at 418. NRED agrees. *See* December 12, 2012 NRED Advisory Opinion No. 13-01, at 11; *see also* NRS 107.080(2)(a) (preventing a foreclosure on a first deed of trust until junior lienholders are provided notice and an opportunity to pay the prior lien).

The common law definition of tender is "an offer of payment that is coupled either with no conditions or only with conditions upon which the tendering party has a right to insist." *Fresk v. Kraemer,* 99 P.3d 282, 286-287 (Or. 2004); *see also* 74 Am. Jur. 2d *Tender* §22 (2014). The Uniform Common Interest Ownership Act's (**UCIOA**) drafters described the act of tender in comment 1 to 3-116. The comment 1 of 3-116 of UCIOA (**UCIOA**) provides that "[a]s a practical matter, secured lenders will most likely pay the [nine] months assessments demanded by the association rather than having the association foreclose on the unit." 1982 UCIOA § 3116 cmt. 1

{39299388}   9

(cited with approval in *SFR Investments*, 334 P.3d at 414).[8] Thus, UCIOA's authors envisioned that only a payment of the super priority amount was necessary to redeem the lender's priority. That is exactly what BANA offered to do.

BANA did exactly what Nevada law requires to protect its lien priority. Alessi & Koenig, LLC (**Alessi**), Antelope Canyon's trustee, provided BANA a payoff statement detailing the monthly common assessments on or around April 12, 2011. ECF No. 39, Ex. 11-2, at 9. BANA tendered a check to Alessi in the amount of $1,440.00. *Id.* at 17. Alessi, on behalf of Antelope Canyon, rejected the tender. *Id.* at 20. Antelope Canyon and Alessi's rejection is immaterial. The tender alone preserves the priority of the senior deed of trust. *See* No. 64955, Slip. Op. (Ex. A).

BANA's tender also renders SFR's argument regarding its purported status as a *bona fide* purchaser irrelevant. ECF No. 40, at 17-18; ECF No. 45, at 14-15. In its own motion, SFR argued that it is entitled to bona fide purchaser status by doing nothing to confirm the HOA foreclosure included a super-priority lien and by assuming the foreclosure was done properly. ECF No. 40, at 17-18. Thus, despite SFR's knowledge of the senior recorded security interest and SFR's acquisition of 650 other similar Nevada properties as a high-risk litigation-based investment strategy, SFR contends it is entitled to protection as an innocent purchaser who took title without notice of the facts underlying this dispute. *See* ECF No. 39, at 10 (discussing SFR's bulk acquisition of this and 17 other properties).

However, as noted above, the *Stone Hollow* opinion demonstrates that BANA's tender of the super-priority portion of the statutory HOA lien satisfied that portion of the lien **as a matter of law**. In *Stone Hollow*, the Nevada Supreme Court first reversed the district court's award of summary judgment in the lender's favor based on the purchaser's argument that it should be considered a *bona fide* purchaser for value. *Stone Hollow*, 2016 WL 1109176, *1. On reconsideration, however, the Supreme Court reversed itself and affirmed the district court's judgment based on BANA's tender of

---

[8] The Nevada Supreme Court cited to the official comments to UCIOA extensively when evaluating the HOA Lien Statute in *SFR Investments*, 334 P.3d at 412 ("An official comment written by the drafters of a statute and available to the legislature before the statute is enacted has considerable weight as an aid to statutory construction.").

{39299388}                                    10

the full super-priority portion of the statutory HOA lien, finding the association's rejection of the tender "unjustified" and that "[w]hen rejection of a tender is unjustified, the tender is effective to discharge the lien." *Stone Hollow*, No. 64955, Slip. Op. (Ex. A).  A valid tender of the super-priority therefore renders any claim by SFR to be a bona fide purchaser immaterial.

BANA did exactly what Nevada law requires to protect its lien priority.

## VI. CONCLUSION

Good cause exists to grant the Bank Parties's motion for leave to file supplemental briefing. *Bourne Valley* requires entry of a declaration SFR's interest in the property, if any, is subject to U.S. Bank's interest.

Alternatively, the court should enter summary judgment for the Bank Parties because, under *Stone Hollow*, tender is all Nevada law requires to extinguish a homeowners' association's super-priority lien.

Respectfully submitted, this 1st day of September, 2016.

**AKERMAN LLP**

*/s/ Brett M. Coombs*

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
BRETT M. COOMBS, ESQ.
Nevada Bar No. 12570
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for U.S. Bank, N.A., as Trustee for the Holders of the WMALT 2006-AR Trust, Nationstar Mortgage LLC, and Bank of America, N.A.*

**IT IS ORDERED** that the Motion for Leave to File Supplemental Brief is **GRANTED**.  Bank parties shall have until 9/20/2016 to file a supplemental brief not to exceed 10 pages limited to the two recent decisions mentioned in the motion.  Defendants shall have until 9/27/2016 to file a response not to exceed 10 pages.  No reply shall be allowed.

Dated this 14th day of September, 2016.

Peggy A. Leen
United States Magistrate Judge

{39299388}                                    11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Akerman LLP, and that on this 1st day of September, 2016 and pursuant to FRCP 5(b), I caused to be served a true and correct copy of the foregoing **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE WMALT 2006-AR8 TRUST, BANK OF AMERICA, N.A. AND NATIONSTAR MORTGAGE LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**, through this Court's CM/ECF electronic filing system to the following parties:

Diana S. Cline, Esq.
Jacqueline A. Gilbert, Esq.
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada  89139
Email:  diana@kgelegal.com
Email:  jackie@kgelegal.com

*Attorneys for SFR Investments Pool 1, LLC*

Steven T. Loizzi, Jr., Esq.
ALESSI & KOENIG, LLC
9500 West Flamingo Road, Suite 205
Las Vegas, Nevada  89147-5721
Email: steve@alessikoenig.com

*Attorney for Alessi & Koenig, LLC*

James W. Pengilly, Esq.
Elizabeth B. Lowell, Esq.
PENGILLY ROBBINS
1995 Village Center Circle, Suite 190
Las Vegas, Nevada  89134-0562
Email: jpengilly@pengillylawfirm.com

*Attorneys for Antelope Canyon Homeowners Association*

　　　　　　　　　　　　　　　　　　　　*/s/ Josephine Washenko*
　　　　　　　　　　　　　　　　　　　　An employee of AKERMAN LLP

{39299388}　　　　　　　　　　12

**INDEX OF EXHIBITS TO**
**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE WMALT 2006-AR8 TRUST, BANK OF AMERICA, N.A. AND NATIONSTAR MORTGAGE LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**Case No.:  2:15-cv-01423-JCM-PAL**

Exhibit A: *Stone Hollow Avenue Trust v. Bank of America, N.A.*, Case No. 64955, Slip Op. (Nev. Aug. 11, 2016)

{39299388;2}

# EXHIBIT A

*STONE HOLLOW AVENUE TRUST*
*V.*
*BANK OF AMERICA, N.A.,*
CASE NO. 64955, SLIP OP.
(NEV. AUG. 11, 2016)

IN THE SUPREME COURT OF THE STATE OF NEVADA

STONE HOLLOW AVENUE TRUST,
Appellant,
vs.
BANK OF AMERICA, NATIONAL ASSOCIATION,
Respondent.

No. 64955

FILED

AUG 11 2016



## ORDER GRANTING PETITION FOR REHEARING, VACATING PRIOR ORDER, AND AFFIRMING

Having considered the petition for rehearing and answer to the petition, we have determined that rehearing of this matter is warranted, as this court gave undue significance to the fact that respondent's $198 tender was rejected by Heritage Estates Homeowners Association. *See* NRAP 40(c)(2)(A). Specifically, because appellant did not dispute that $198 was adequate to pay off the superpriority portion of Heritage Estates' lien, it follows that Heritage Estates was unjustified in rejecting respondent's tender of that amount.[1] When rejection of a tender is unjustified, the tender is effective to discharge the lien. *See, e.g., Hohn v. Morrison*, 870 P.2d 513, 516-17 (Colo. App. 1993); *Lanier v. Mandeville Mills*, 189 S.E. 532, 534-35 (Ga. 1937); *Fed. Disc. Corp. v. Rush*, 257 N.W. 897, 899 (Mich. 1934); *Segars v. Classen Garage & Serv. Co.*, 612 P.2d 293, 295-96 (Okla. Civ. App. 1980); *Reynolds v. Price*, 71 S.E. 51, 53 (S.C. 1911);

---

[1]Appellant argues in its answer to the rehearing petition that Heritage Estates was justified in rejecting the tender because respondent made the tender conditional. We decline to consider this argument because it was not raised either in district court or on appeal.

*Karnes v. Barton*, 272 S.W. 317, 319 (Tex. Civ. App. 1925); *Hilmes v. Moon*, 11 P.2d 253, 260 (Wash. 1932); *see also* 59 C.J.S. *Mortgages* § 582 (2016).

Therefore, at the time of Heritage Estates' foreclosure sale, the superpriority portion of Heritage Estates' lien had been discharged, leaving only the subpriority portion of the lien to be foreclosed. Because respondent's deed of trust was superior to that portion of Heritage Estates' lien, the deed of trust was not extinguished by virtue of the sale to appellant. Accordingly, the district court correctly determined as a matter of law that appellant took title to the property subject to respondent's deed of trust. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a district court's summary judgment de novo). We therefore vacate our March 18, 2016, disposition and in its place enter this order affirming the district court's summary judgment.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Eighth Judicial District Court Dept. 29
 Kerry P. Faughnan
 Greene Infuso, LLP
 Akerman LLP/Las Vegas
 Eighth District Court Clerk