JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@kgelegal.com
DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
E-mail: diana@kgelegal.com
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-mail: karen@kgelegal.com
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE WMALT 2006-AR8 TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>ANTELOPE CANYON HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01423-JCM-PAL<br><br><br><br><br><br>**JOINT MOTION TO STAY BRIEFING AND/OR LITIGATION** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE WMALT 2006-AR8 TRUST; BANK OF AMERICA, N.A., a national association; NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; WELLS FARGO BANK, N.A.; and GAIL BUNDY, an individual,<br><br>Counter-Defendant/Cross-Defendants. | |

- 1 -

ANTELOPE CANYON HOMEOWNERS ASSOCIATION;

        Third-Party Plaintiff,

vs.

ALESSI & KOENIG, LLC, a Nevada limited liability company,

        Third-Party Defendant.

SFR Investments Pool 1, LLC ("SFR") and Alessi & Koenig ("A&K") hereby move this Honorable Court to enter an order temporarily staying briefing for the supplemental brief in support of the Bank's[1] motion for summary judgment per the Order entered on September 14, 2016, [ECF 59, 62] and/or the entire litigation. The deadlines related to this briefing are September 20, 2016, for the Bank and September 27, 2016 for SFR. This Motion is based on the papers and pleadings on file herein, the following legal argument, the declaration of Jacqueline A. Gilbert, Esq., attached as "**Exhibit A**." and such evidence/and oral argument as may be presented at the time of the hearing on this matter.

### I. Background

This is a dispute over the effect of a non-judicial foreclosure sale conducted by a homeowners association ("Association"). Specifically, the prior owner failed to pay Association assessments, the Bank failed to preserve its deed of trust by failing to pay the Association lien before the foreclosure sale, and a bona fide purchaser, SFR, bought the property. Subsequently, litigation ensued.

The Bank filed its motion for summary judgment on March 14, 2016 [ECF 39] and SFR filed its motion for summary judgment on March 14, 2016 [ECF 40], responses were filed to the motions [ECFs 45 and 47]. Replies were then filed to each response [ECFs 48 and 49].

Subsequently, on August 12, 2016, a divided Ninth Circuit panel issued its decision in

---

[1] Herein, "the Bank" refers to U.S. Bank National Association, As Trustee For The Holders Of The WMALT 2006-AR8 Trust, Bank of America, N.A., Nationstar Mortgage, LLC and any predecessors or successors in interest to the First Deed of Trust, as well as any agents acting on behalf of these entities, including but not limited to servicers, trustees and nominee beneficiaries.

*Bourne Valley Court Trust v. Wells Fargo Bank*, ___ F.3d ___, No. 15-15233, 2016 WL 4254983 (9th Cir. Aug. 12, 2016). In this decision, the Ninth Circuit held that Nevada Revised Statutes Chapter 116's Association nonjudicial foreclosure scheme, as it existed before amendment in 2015 "facially violated mortgage lenders' constitutional due process rights." Id. at *5. The *Bourne Valley* majority opinion does not address that the Supreme Court of Nevada construed NRS 116 to require notice to the mortgage lenders.  *See SFR Investments Pool 1, LLC v. U.S. Bank, NA.*, 334 P.3d 408, 417-18 (Nev. 2014) (en banc). Even the dissenting justices in *SFR* agreed this was the proper interpretation of Nevada's statutory scheme. *See Id.* at 422. Further, the Supreme Court of Nevada has already concluded that NRS 116 does not offend due process. *Id*. at 418.   The mandate for this decision has yet to issue.

After the *Bourne Valley* decision, on September 1, 2016, the Bank filed its motion for leave to file supplemental brief regarding their motion for summary judgment [ECF 59]. The motion cites *Bourne Valley* as support for the Bank's constitutional challenge to NRS 116. On September 14, 2016, this Honorable Court granted the motion. SFR's response is due September 27, 2016.

On September 7, 2016 the Ninth Circuit ordered the appellant, Bank to file a response to the petition for rehearing within 21 days of the order.

The Ninth Circuit's ultimate resolution of this issue may have a dispositive effect upon this litigation, since a due process challenge has been raised. To avoid continued briefing that is sure to require supplemental or new briefing, SFR contacted counsel for the Bank to request a stipulation to stay briefing and/or litigation. The Bank refused. The Association agreed to stay briefing in this matter. SFR and A&K respectfully request a stay of the briefing on the current motions and/or a stay of the litigation pending the issuance of the mandate in *Bourne Valley*.

**II. Legal Argument**

    **A.  This Motion is an Emergency**

When a party files a motion on an emergency basis, "[i]t shall be in the sole discretion of the Court to determine whether any such matter is, in fact, an emergency." *Cardoza v. Bloomin' Brands, Inc.,* 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015)(citing Local Rule 7–5(d)(3); Local

KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

1 Rule 26–7(d)). An emergency motion is properly presented to the Court when the movant has
2 shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the
3 normal briefing schedule and (2) that the movant is without fault in creating the crisis that
4 requires emergency relief. *Id*. (internal citations omitted).

Here, if this motion is heard in the regular course, the parties will be irreparably prejudiced by spending time and resources briefing an issue that will necessarily require supplemental or entirely new briefing after the Petition in *Bourne Valley* is resolved. Neither SFR nor A&K created this emergency—SFR's motions [ECF 40] as well as the other parties' motions for summary judgment [ECF 39] were filed before the *Bourne Valley* decision and the Bank's motion for leave to file supplemental brief was filed after the *Bourne Valley* decision. Accordingly, SFR and A&K request this motion be considered on an emergency basis.

**B. <u>Staying the Briefing and/or Litigation</u>**

As this Court has previously found, a district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). When determining whether a stay is appropriate pending the resolution of another case, the district court must consider: (1) the possible damage that may result from a stay, (2) any hardship or inequity that a party may suffer if required to go forward, (3) and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that a stay will engender. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)(citations omitted). Considering these factors in the context of this case, SFR and A&K request that this Honorable Court stay the briefing on the pending motions and/or the entire case.

1. <u>Damage From stay</u>

There will be no damage if this Court temporarily stays the case. The resultant damage for a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter.

///

///

KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

2. <u>Hardship or Inequity</u>

There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for both parties to have finality in the appellate process. There would an equal hardship on all parties in terms of resources expended if the Court did not stay this litigation. By staying this case, the Court will prevent this expenditure for all parties.

3. <u>Orderly course of justice</u>

At the center of this case is an Association foreclosure sale under NRS Chapter 116 and the competing arguments that the sale extinguished the Bank's security interest under *SFR*. Presuming that the Bank is able to prove its standing to enforce the underlying note and deed of trust, the outcome in *Bourne Valley* has the potential to be dispositive of certain issues in this case, specifically the constitutionality of Chapter 116. If this Court does not stay the briefing and/or the case, it is likely that the parties will file new motions or move to supplement pending motions based on the final decision in *Bourne Valley*. Furthermore, to the extent this Court is bound by *Bourne Valley*, and has to determine the result of that opinion on the case, any final judgment will ultimately result in an appeal, at least until the mandate issues.

A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the parties filing various motions related to the split panel's decision in *Bourne Valley*. Courts in this district have disagreed with *Bourne Valley*'*s* majority analysis on both the statute's interpretation and on the presence of a state actor.[2]

Upon an issuance of the mandate in *Bourne Valley*, the Court will be in a position to completely and finally resolve the issues related to *Bourne Valley* in this case. This will

---

[2] *See Morgan Chase Bank v. SFR Investments Pool*, 2:14-cv-02080-RFB-GWF, 2016 WL 4084036, at *8 (D. Nev. July 28, 2016) (Boulware, J.); *Capital One v. Las Vegas Dev. Group*, No. 2:15-cv-01436-JAD-PAL, 2016 WL 3607160, at 5 (D. Nev. June 30, 2016) (Dorsey, J.); *Bank of Amer. v. Rainbow Bend HOA*, No. 3:15-cv-00291- MMD-WGC, 2016 WL 1298114, at *3 (D. Nev. Mar. 31, 2016) (Du, J.); *Deutsche Bank v. TBR I, LLC*, No. 3:15-cv-00401-LRH-WGC, 2016 WL 3965195, at *3 (D. Nev. July 22, 2016) (Hicks, S.J.); *Las Vegas Dev. Grp., LLC v. Yfantis*, --- F. Supp. 3d ---, No. 2:15-cv-01127-APG-CWH, 2016 WL 1248693, at *3-6 (D. Nev. Mar. 24, 2016).

- 5 -

streamline and simplify the proceedings and minimize the unnecessary expenditure of the parties' and the Court's time and resources.

### III. Conclusion

SFR and A&K respectfully request that this Honorable Court enter an order temporarily staying this matter pending the decision in *Bourne Valley* as: there will be no damage; there will be no significant hardship or inequity; and, a stay would promote the orderly course of justice.

DATED September 15, 2016.

| **KIM GILBERT EBRON** | **ALESSI & KOENIG, LLC** |
|---|---|
| */s/ Jacqueline A. Gilbert*<br>JACQUELINE A. GILBERT, ESQ.<br>Nevada Bar No. 10593<br>DIANA CLINE EBRON, ESQ.<br>Nevada Bar No. 10580<br>KAREN L. HANKS, ESQ.<br>Nevada Bar No. 9578<br>7625 Dean Martin Drive, Suite 110<br>Las Vegas, Nevada 89139<br>*Attorneys for SFR Investments Pool 1, LLC* | */s/ Steve T. Loizzi*<br>Steve J. Loizzi, Jr., Esq.<br>Nevada Bar No. 10920<br>Alessi & Koenig, LLC<br>9500 W. Flamingo Road, Suite 205<br>Las Vegas, NV 89147<br>*Attorneys for Alessi & Koenig, LLC* |

**IT IS ORDERED** that a temporary stay of proceedings is entered until the order of mandate is entered in the *Bourne Valley* decision.

Dated: September 23, 2016

_____
Peggy A. Leen
United States Magistrate Judge

- 6 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of September 2016, pursuant to FRCP 5, I served via the CM-ECF electronic filing system the foregoing **Joint Emergency Motion to Stay,** to the following parties:

Ariel E. Stern, Esq.
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
ariel.stern@akerman.com
donna.wittig@akerman.com
*Attorneys for U.S. Bank National Association*

Elizabeth B. Lowell, Esq.
James W. Pengilly, Esq.
PENGILLY ROBBINS
1995 Village Center Circle., Suite 190
Las Vegas, Nevada 89134-0562
elowell@pengillylawfirm.com
jpengilly@pengillylawfirm.com
*Attorneys for Antelope Canyon Homeowners Association*

Steve J. Loizzi, Jr., Esq.
Alessi & Koenig, LLC
9500 W. Flamingo Road, Suite 205
Las Vegas, NV 89147
Email: steve@alessikoenig.com
*Attorneys for Alessi & Koenig, LLC*

/s/    *Jherna A. Shahani*
An employee of Kim Gilbert Ebron

# Exhibit 1

Declaration of Jacqueline Gilbert, Esq.

**DECLARATION OF JACQUELINE A. GILBERT, ESQ.**

I, Jacqueline A. Gilbert, Esq., declare as follows:

1. I am an attorney with Kim Gilbert Ebron, formerly known as Howard Kim & Associates, admitted to practice law in the State of Nevada.

2. I am counsel for SFR Investments Pool 1, LLC ("SFR") in this action.

3. I make this declaration in support of SFR's Emergency Motion to Stay Briefing and/or Litigation.

4. I have personal knowledge of the facts set forth below based upon my review of the case law referenced in this matter, except for those factual statements expressly made upon information and belief, and as to those facts, I believe them to be true, and I am competent to testify.

5. The deadline to file responses to the Bank's supplemental brief to its motion for summary judgment is September 27, 2016.

6. On August 12, 2016, a divided Ninth Circuit panel issued its decision in Bourne Valley Court Trust v. Wells Fargo Bank, 2016 WL 4254983 (9th Cir. Aug. 12, 2016).

7. The Bourne Valley court held that NRS 116 facially violates constitutional due process.

8. In this case, the Bank has raised a constitutional challenge [ECF 59].

9. However, the Bourne Valley Appellee filed a Petition for rehearing *en banc* on August 26, 2016. On September 7, 2016, the Ninth Circuit Ordered Appellant, Bank to file a response to the petition for rehearing within 21 days of the Order.

10. On September 9, 2016, and September 12, 2016, I called Ariel Stern of Akerman, LLP, and left voice messages.

11. On September 12, 2016, Darren Brenner, another attorney from Akerman, and I spoke on the phone about potential stays in multiple cases. Mr. Brenner stated that his client would not agree to a stay in any case in which there was an alleged payment attempt. I subsequently received an email from Mr. Stern stating that Mr. Brenner would coordinate all stay issues for

- 1 -

cases in which Akerman is counsel. In this case the Bank has alleged an attempted payment. See ECF 3 at ¶ 26-29. Thus, according to Mr. Brenner, the Bank will not agree to stay litigation in this case.

12. On September 9, 2016, my office contacted Pengilly Robbins, counsel for the Association. On September 12, 2016, the Association agreed to the stay if "other parties agree." Steven Loizzi, Esq., representing Alessi & Koenig, has also agreed and joined the motion.

13. Without waiving any arguments for my client, I expect that additional briefing will be necessary after the mandate in <u>Bourne Valley</u> issues based on the legal issues presented therein.

14. Even if this Court decides the remaining issues, not related to <u>Bourne Valley</u>, any final decision will necessarily need to address the final outcome of <u>Bourne Valley</u>, as will any appeal.

15. The moving parties agree it is in the interest of judicial economy, and client time and resources to seek this stay pending a resolution of the Bourne Valley appellate process.

16. The name, office address, and telephone numbers of all affected parties are as follows:

   a. Ariel E. Stern, Esq., Akerman LLP, 1160 Town Center Drive, Suite 330, Las Vegas, Nevada 89144, telephone number (702)-634-5000.

   b. Brett M. Coombs, Esq., Akerman LLP, 1160 Town Center Drive, Suite 330, Las Vegas, Nevada 89144, telephone number (702)-634-5000.

   c. Steven T. Loizzi, Jr., Esq., Alessi & Koenig, LLC, 9500 West Flamingo Road, Suite 205, Las Vegas, Nevada 89147, telephone number (702)-222-4033.

   d. James W. Pengilly, Esq., Pengilly Robbins, 1995 Village Center Circle, Suite 190, Las Vegas, Nevada 89134, telephone number (702)-889-6665.

///
///
///
///

e. Elizabeth B. Lowell, Esq., Pengilly Robbins, 1995 Village Center Circle, Suite 190, Las Vegas, Nevada 89134, telephone number (702)-889-6665.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 15th day of September, 2016.

*/s/ Jacqueline A. Gilbert*_____
JACQUELINE A. GILBERT, ESQ

KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301